THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOMAIN NAME COMMISSION LIMITED,<br><br>     Plaintiff,<br><br> v.<br><br>DOMAINTOOLS, LLC<br><br>     Defendant. | No. 2:18-cv-874<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXPEDITED DISCOVERY<br><br>NOTE ON MOTION CALENDAR:<br>July 6, 2018 |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR EXPEDITED DISCOVERY
(NO. 2:18-CV-00874) – i

140411565.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1

II. BACKGROUND ............................................................................................................... 2

    A. DNCL has pursued a remedy to DomainTools' unauthorized access to registrant information diligently and in good faith. ............................................... 2

    B. Authorization to access registrant information has always been conditioned on compliance with DNCL's Terms of Use. ........................................ 3

    C. DNCL's request for preliminary relief does not seek deletion of data. .................. 4

III. ARGUMENT ..................................................................................................................... 5

    A. Early discovery is disfavored and only available upon a showing of good cause. ....................................................................................................................... 5

    B. DomainTools has failed to show good cause justifying expedited discovery. ................................................................................................................. 6

        1. DomainTools has shown no irreparable harm that justifies deviating from the Federal Rules, whereas further delay would irreparably harm DNCL. .................................................................................... 6

        2. There is no need—compelling or otherwise—for expedited discovery. ...................................................................................................... 7

        3. DomainTools' request is not timely under the circumstances. .................... 7

        4. DomainTools' specific requests are neither appropriate nor warranted. ..................................................................................................... 8

            a. DomainTools claims to need evidence it already has. .................... 8

            b. DomainTools seeks discovery to which it is not entitled. ............ 10

            c. DomainTools seeks discovery that is peripheral at best. .............. 11

IV. CONCLUSION ................................................................................................................ 12

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR EXPEDITED DISCOVERY
(NO. 2:18-CV-00874) – ii
140411565.6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Brogan & Anensen LLC v. Lamphiear*,
　165 Wash. 2d 773 (2009) ................................................................................................10

*Caribbean Marine Servs. Co. v. Baldrige*,
　844 F.2d 668 (9th Cir. 1988) ............................................................................................5

*Columbia Ins. Co. v. Seescandy.com*,
　185 F.R.D. 573 (N.D. Cal. 1999) ......................................................................................5

*Exari Sys. Inc v. Amazon Corp. LLC*,
　No. C15-356 MJP, 2015 WL 12025325 (W.D. Wash. May 4, 2015) ...........................5, 6

*Gillespie v. Civiletti*,
　629 F.2d 637 (9th Cir. 1980) ............................................................................................5

*Hansen Beverage Co. v. Innovation Ventures, LLC*,
　No. CIV. 08CV1166-IEGPOR, 2008 WL 3992353 (S.D. Cal. Aug. 28, 2008) ................8

*Int'l Precision Prod., B.V. v. Staco Sys., Inc.*,
　No. SACV1301831SJOEX, 2013 WL 12121547 (C.D. Cal. Dec. 18, 2013) ....................5

*K-2 Corp. v. Body Glove Int'l, LLC*,
　No. C09-0042JLR, 2009 WL 87446 (W.D. Wash. Jan. 13, 2009) ....................................7

*Nordyke v. Santa Clara Cty.*,
　110 F.3d 707 (9th Cir. 1997) .......................................................................................5, 7

*Quia Corp. v. Mattel, Inc.*, No. C10-01902 JF (HRL), 2010 WL 2179149 (N.D.
　Cal. May 27, 2010) ............................................................................................................8

**RULES**

Fed. R. Civ. P. 26(b)(1) ............................................................................................................10

Fed. R. Evid. 408 ......................................................................................................................10

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR EXPEDITED DISCOVERY
(NO. 2:18-CV-00874) – iii
140411565.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## I.   INTRODUCTION

Since November 2017, Domain Name Commission Limited ("DNCL") has sought to stop DomainTools, LLC's ("DomainTools") unauthorized bulk access, compilation, and sale of .nz registrants' Whois information by demanding that DomainTools comply with the .nz Whois terms of use ("TOU"). DomainTools' unauthorized activities undermine the policies DNCL has implemented to protect .nz registrant privacy and safety, and prevent DNCL from honoring the promises it made to .nz registrants through the .nz TOU and by offering the Individual Registrant Privacy Option ("IRPO")—through which individual registrants can elect to withhold their personal phone numbers and physical addresses. As demonstrated in the complaint and DNCL's motion for a preliminary injunction, DomainTools' conduct causes DNCL irreparable harm.

When it initially appeared that DNCL might be able to achieve this objective without the expense and delay inherent in litigation, DNCL diligently and in good faith engaged DomainTools to that end. And when, in May, it became clear the parties could not resolve the matter without litigation, DNCL provided advance notice to DomainTools, promptly initiated this action, and concurrently filed its motion for preliminary injunction to obtain immediate relief from the irreparable harm described above and in that motion.

DomainTools' current Motion for Expedited Discovery ("Motion" or "Mot.") is the most recent in a series of requests that it has made to delay DNCL's pursuit of relief from the above irreparable harm. DomainTools' motion should be denied because there is no basis for such discovery, let alone such extensive discovery, in advance of the ordinary schedule. This is particularly true because discovery is being sought by the party who does not bear the burden of proof and because much of the evidence DomainTools seeks has already been provided to it in DNCL's papers, is publicly available, or is discovery to which DomainTools is not entitled. For all these reasons, DNCL asks the Court to deny DomainTools' motion for expedited discovery and to hear DNCL's motion for preliminary injunction in the ordinary course as provided under the Federal and Local Rules.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR EXPEDITED DISCOVERY
(NO. 2:18-CV-00874) – 1
140411565.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## II.  BACKGROUND

The factual background of this dispute is detailed in DNCL's complaint and Motion for Preliminary Injunction. DNCL provides here only those additional facts necessary to correct errors and mischaracterizations set forth in DomainTools' motion.

**A.  DNCL has pursued a remedy to DomainTools' unauthorized access to registrant information diligently and in good faith.**

Since DNCL demanded that DomainTools cease its unauthorized access to and use of .nz registration information in November 2017, DNCL has sought diligently and in good faith to resolve this matter, obtain DomainTools' compliance with its Terms of Use, and protect its registrants' privacy, countenancing only such delay as was necessary effectively to pursue this objective and to extend professional courtesy to DomainTools and its counsel, who were occasionally unresponsive and frequently requested extensions of time. *See generally* Decl. of Todd M. Hinnen in Supp. of Pl.'s Opp. to Def.'s Mot. for Expedited Discovery ("Hinnen Decl."). DNCL would have preferred to resolve this matter without the expense and delay litigation necessarily entails. *Id.* ¶ 18. As long as resolution without litigation seemed possible (in fact likely—from its first communication in December 2017 until late April 2018, DomainTools continuously professed a desire to resolve the matter without litigation), DNCL continued to engage in such efforts and to extend such courtesies as were conducive of that end. *Id.* ¶¶ 2-24. DomainTools now seeks to use DNCL's courtesy as a weapon against DNCL. *See* Mot. at 5-6.

Ultimately, those efforts to resolve this matter were unsuccessful, frustrated, as it seemed to DNCL, by DomainTools' late reversal of course in mid-April 2018. *Id.* ¶ 24. (It is notable and, to DNCL, inexplicable that although DomainTools purports to have ceased accessing Whois information hosted by DNCL, as requested by DNCL's most recent cease-and-desist letter, on June 14, 2018, *before* DNCL initiated this litigation, DomainTools neither notified DNCL of that fact at the time nor in any of its subsequent communications with DNCL, and DNCL instead learned of it only when it received DomainTools' motion. *See* Dkt. 3 ¶ 15, Ex. 14 (requesting "notice from DomainTools by Wednesday, June 13, 2018, that it has ceased and desisted any

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR EXPEDITED DISCOVERY
(NO. 2:18-CV-00874) – 2
140411565.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

access to the .nz WHOIS servers and services"); *see also* Hinnen Decl. ¶¶ 34-35, Ex. H (indicating that DNCL would be open to discussing early discovery "[i]f DomainTools were to agree fully to comply with DNCL's terms of use and revocation of license while the motion remained pending").[1] Be that as it may, DNCL cannot properly or accurately be charged with sleeping on its rights or pursuing relief with anything less than diligence and good faith, and it required significant manipulation and mischaracterization of the record for DomainTools to argue otherwise. Without further belaboring the point here, DNCL's efforts to engage DomainTools in good faith and resolve this matter without need of litigation are chronicled in the Declaration of Todd M. Hinnen submitted in support hereof.

**B.     Authorization to access registrant information has always been conditioned on compliance with DNCL's Terms of Use.**

DomainTools' motion frequently reiterates that DNCL has made domain registrant information "publicly available," a statement that is true as far as it goes but is also materially incomplete. Like most services offered on the Internet, DNCL's provision of Whois services is, and always has been, subject to terms and conditions to which visitors like DomainTools must agree as a condition to being authorized to access and use the services. *See* Carey Decl. ¶ 23, Exs. 4-5. Registrant information was available to the public on the terms and conditions in the TOU; DomainTools chose to violate those terms and conditions.[2]

DomainTools conflates public availability with unrestricted access and use, but access to and use of Whois information is expressly restricted by DNCL's Terms of Use. Just as a public

---

[1] Nor would that fact be evident to DNCL, since DomainTools uses a distributed network of IP addresses from all over the world and other means to prevent DNCL from identifying (and blocking) its unlawful access to DNCL's services. *See* Carey Decl. ¶ 59.

[2] DomainTools also dedicates a substantial portion of its briefing to arguing that registrant information can be used for laudatory purposes, including (ironically) investigating abuse and violation of the terms of use of online services and furthering cybersecurity efforts. DNCL does not dispute that proposition—indeed, DNCL expressly indicated that provides the Query Service to the public in part "to promote registrant accountability," as well as to "allow[] the public to see whether a domain name is available to license." Carey Decl. ¶ 17. Whether *DomainTools* uses domain registration information for beneficial purposes is, however, a separate question.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR EXPEDITED DISCOVERY
(NO. 2:18-CV-00874) – 3

140411565.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

viewer cannot record, repackage, and resell broadcast of a television show, DomainTools cannot access and use Whois information in violation of the express terms pursuant to which that information is made available to the public. Although the legal theory is different—DNCL is not asserting a claim for copyright infringement or violation of a broadcasting license—the underlying principle is the same: entities are entitled to impose restrictions, contractual or otherwise, on information that they make available to the public. And the fact that many of the companies and organizations to which DomainTools sells Whois information it obtains in violation of DNCL's terms may put that information to good use does not negate the violation or excuse DomainTools from complying with the terms. Whether or not DNCL's Whois information is "publicly available" and whether or not it can be put to good use, DNCL Whois service users have been authorized to access and use Whois information only if they comply with the .nz TOU. DomainTools has violated, and continues to violate, those terms.

**C.     DNCL's request for preliminary relief does not seek deletion of data.**

DomainTools also mischaracterizes the preliminary relief sought by DNCL, asserting that its motion asks the Court to order DomainTools to immediately "delete all historical .nz domain registrant data pending resolution of the litigation." Mot. at 6; *see also id.* at 2 (describing an order to "purge all historical, publicly available .nz domain registrant information").

Although DNCL's *complaint* asks the Court to order that "DomainTools delete all historical .nz WHOIS records obtained and stored in violation of the .nz WHOIS TOU," the *preliminary relief* sought does not include deletion because, "for now, a cessation of continuing activities will prevent further harm pending a final judgment." Dkt. 2 at 21 n.4; *see also* Dkt. 2-1 (proposed order omits any reference to deletion). Accordingly, it plainly is not true that DNCL's proposed preliminary injunction is "tantamount to granting DNCL a permanent injunction." Mot. at 11.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR EXPEDITED DISCOVERY
(NO. 2:18-CV-00874) – 4
140411565.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### III.     ARGUMENT

**A.     Early discovery is disfavored and only available upon a showing of good cause.**

A party moving for an order authorizing early discovery bears the burden of showing "good cause" and demonstrating that "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Exari Sys. Inc v. Amazon Corp. LLC*, No. C15-356 MJP, 2015 WL 12025325, at *1 (W.D. Wash. May 4, 2015) (citation omitted). In ruling on such a motion, a court will consider "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the [plaintiff] to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.*

Courts in the Ninth Circuit generally disfavor exceptions to the general rules of discovery. *See Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). The general rule that discovery should not occur until later in the litigation is particularly relevant in the preliminary injunction context, as such relief is designed to prevent "immediate threatened injury." *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).

And although expedited discovery is sometimes ordered so that a movant can support a motion for preliminary injunctive relief, it is *very rarely* ordered to allow a nonmovant to oppose such relief. This is entirely sensible: a nonmovant does not need discovery because the "party moving to obtain a preliminary injunction" bears the burden of proof. *Nordyke v. Santa Clara Cty.*, 110 F.3d 707, 710 (9th Cir. 1997). That DomainTools found two exceptions where a nonmovant's request was granted *in part* does not change the fact that its request is unusual, disfavored, and not justified. *Cf., e.g., Int'l Precision Prod., B.V. v. Staco Sys., Inc.*, No. SACV1301831SJOEX, 2013 WL 12121547, at *1 (C.D. Cal. Dec. 18, 2013) (denying expedited discovery "to determine whether . . . unsupported factual allegations of irreparable harm . . . [were] true").

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR EXPEDITED DISCOVERY
(NO. 2:18-CV-00874) – 5
140411565.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**B.      DomainTools has failed to show good cause justifying expedited discovery.**

DomainTools has failed to show good cause justifying expedited discovery or departure from the ordinary rules of procedure in this case.

> **1.     DomainTools has shown no irreparable harm that justifies deviating from the Federal Rules, whereas further delay would irreparably harm DNCL.**

The purpose of the "pending request for injunction" factor is to ensure that "some showing of irreparable harm" is made before the Court "deviate[s] from the federal rules." *Exari*, 2015 WL 12025325, at *2. When the moving party requests expedited discovery in the preliminary injunction context, a court can look to the irreparable harm cited in that party's preliminary injunction motion. But because DomainTools did not move for injunctive relief, it was required to make a showing of irreparable harm argument in its Motion.

DomainTools failed to do so. *See* Mot. at 8-9. Instead, DomainTools argues that it needs discovery to evaluate *DNCL's* claim of irreparable harm—completely ignoring the requirement that *DomainTools* make its own showing of irreparable harm to support its extraordinary request for expedited discovery. *See id.* (holding that plaintiffs' request for expedited discovery would need to be supported by "an initial showing of irreparable harm in their expedited discovery motion before the Court can grant an exception to the federal rules in the interest of justice").

Instead, it is *DNCL* that is suffering ongoing and irreparable harm and DNCL that will be prejudiced by further delay, as shown by the evidence submitted in support of its motion for preliminary injunction. Although DomainTools' cessation of its unauthorized access to DNCL's .nz Whois servers is a first step, it does not address all of DNCL's concerns or put an end to the harm DNCL and its registrants are suffering as a result of DomainTools' unauthorized access to and use of registrants' Whois information. Rather, as explained in detail in DNCL's motion for preliminary injunction, DomainTools' retention and sale of historical .nz WHOIS records, which may contain personal contact information that .nz registrants have chosen to withhold from the public access, continues to irreparably harm DNCL's reputation and the goodwill it receives from .nz domain users. *See* Dkt. 2 at 16-18.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR EXPEDITED DISCOVERY
(NO. 2:18-CV-00874) – 6

140411565.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

### 2. There is no need—compelling or otherwise—for expedited discovery.

DomainTools contends that it needs expedited discovery because "[t]here are serious factual questions . . . about DNCL's claims it will suffer irreparable harm, its standing to sue, and the likelihood of success on the merits." Mot. at 2; *see also id.* at 7. But it is *DNCL*, not DomainTools, who bears the burden of proof on these issues. *See Nordyke*, 110 F.3d at 710.

DNCL is prepared to stand on the evidence it submitted in support of its request for preliminary injunctive relief. If DomainTools' position is that DNCL's irreparable harm "is at best, speculative and at worst, nonexistent," and that "serious factual questions" preclude DNCL from proving likelihood of success on the merits, Mot. at 7, then DomainTools is free to argue those points in its opposition. DomainTools does not need discovery to argue that DNCL has failed to carry its burden. DomainTools has thus failed to show *any* need for discovery.

### 3. DomainTools' request is not timely under the circumstances.

If DomainTools believed that it needed expedited discovery to respond to DNCL's motion for preliminary injunction it could have sought such discovery within the time period provided for adjudication of DNCL's motion for a preliminary injunction. DNCL notified DomainTools on May 21, 2018, that it intended to seek a preliminary injunction and served its papers on DomainTools on June 15, 2018. Had DomainTools timely raised its request for expedited discovery and filed a motion, that motion could have been briefed—on the appropriate three-Friday schedule—and noted for decision before DomainTools' opposition to the pending request for preliminary injunction was due. Alternatively, DomainTools could have filed its motion seeking discovery in conjunction with its opposition to DNCL's motion, making its points on the record available and indicating where it felt additional discovery is warranted. *Cf., e.g., K-2 Corp. v. Body Glove Int'l, LLC*, No. C09-0042JLR, 2009 WL 87446, at *1 (W.D. Wash. Jan. 13, 2009). Instead, DomainTools did not request expedited discovery until June 21, 2018—after it had secured DNCL's agreement to extend DomainTools' deadline to respond to the complaint—and waited another week to file this unnecessary, collateral motion. *See* Hinnen

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR EXPEDITED DISCOVERY
(NO. 2:18-CV-00874) – 7

140411565.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Decl. at ¶¶ 33-34, Ex. H.

### 4. DomainTools' specific requests are neither appropriate nor warranted.

Even if DomainTools had shown it needed pre-response discovery (and it has not), it cannot justify the requests made in its Motion. DomainTools seeks, on an expedited basis, to propound no fewer than 12 requests for production, 7 interrogatories, 2 requests for admission, and a 3.5-hour Rule 30(b)(6) deposition of DNCL. *See* Heath Decl. ¶¶ 10-13, Exs. 7-10. This quantum of expedited discovery is inappropriate, as even the cases cited by DomainTools acknowledge. *See, e.g.*, *Quia Corp. v. Mattel, Inc.*, No. C10-01902 JF (HRL), 2010 WL 2179149, at *2 (N.D. Cal. May 27, 2010) (curtailing request "to propound seven interrogatories and ten requests for production").

Moreover, notably absent from DomainTools' motion is any *specific* explanation of why the *specific* discovery it seeks is necessary to respond to DNCL's motion for preliminary injunction. Careful review of DomainTools' requests shows that the discovery sought is either already available, not relevant to the dispute at all, or otherwise not necessary.

### a. DomainTools claims to need evidence it already has.

DomainTools' representations that the expedited discovery it seeks is "critical" or "necessary" for it to respond to DNCL's motion for preliminary injunction is fatally undermined by its requests for information *that has already been provided. See, e.g.*, *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. CIV. 08CV1166-IEGPOR, 2008 WL 3992353, at *2 (S.D. Cal. Aug. 28, 2008) (relying on public availability to deny expedited discovery request).

For example, DomainTools requests "[t]he Privacy Concerns and Sharing Data' survey that New Zealand's Privacy Commissioner purportedly commissioned that was conducted from March 21, 2018 and March 27, 2018." Heath Decl. ¶ 11, Ex. 8 (RFP No. 5). DNCL already submitted "a copy of the media release detailing the results of the survey," including its results and methodology. Carey Decl. ¶ 38, Ex. 13. DomainTools seeks "[e]ach Memorandum of Understanding ('MOU') that DNCL entered into with an organization." Heath Decl. ¶ 11, Ex. 8

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR EXPEDITED DISCOVERY
(NO. 2:18-CV-00874) – 8
140411565.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

(RFP No. 6). DNCL has already provided the MOU it recently entered with the New Zealand Computer Emergency Response Team ("CERT"), and explained that "all MOUs must be published on [DNCL's] website." Carey Decl. ¶¶ 48-49, Ex. 15. DomainTools seeks documents "sufficient to show the amount of traffic through Port 43 on a monthly basis during the relevant period." Heath Decl. ¶ 11, Ex. 8 (RFP No. 7). DNCL's complaint states that "[i]n a typical month, over 10 million .nz WHOIS queries are performed, of which less than 1% are conducted using the DNCL website" such that "[t]he vast majority of WHOIS queries are sent through Port 43." Compl. ¶ 30. It is a mystery what else DomainTools could need on these topics—surely the provided information is sufficient to make whatever points DomainTools wishes to make.

Similarly, DomainTools seeks agreements between InternetNZ, DNCL, and NZRS. *See* Heath Decl. ¶ 11, Ex. 8 (RFP Nos.8-9). But the Carey Declaration attaches the policies that are relevant to the operation of the .nz domain name space. *See* Carey Decl. ¶ 6, Ex. 1 ("InternetNZ has appointed DNCL to manage and administer the .nz domain name space on behalf of InternetNZ."); *see also id.*, Exs. 1-4. It also explains that NZRS "was disestablished . . . and amalgamated into InternetNZ," so that any NZRS agreements are irrelevant. *Id.* ¶ 15. And all remotely relevant agreements are already available at https://internetnz.nz/governance-policies-register and htpp://dnc.org.nz/the-commission/governance-documents.

And finally, DomainTools seeks information about the technology DNCL uses to prevent unauthorized bulk queries on its Query Service, as well as DNCL's ability to limit the personal information available through its Whois Query Service. Heath Decl. ¶¶ 10, 12, Ex. 7, 9 (Interrogatory Nos. 5-6, RFA Nos. 1-2). But evidence submitted by DNCL already shows that .nz Whois Port 43 servers are protected by "extensive automated rate limiting" that "operates for individual IP addresses and for aggregate blocks using multiple methods of aggregation," and that the Query Service is protected by "a CAPTCHA process." Carey Decl. ¶¶ 20, 68, Ex. 21. The point is not *whether* or *how* DNCL is attempting to protect its registrants' personal data but that its efforts are being thwarted because DomainTools continues to sell to its customers historic

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR EXPEDITED DISCOVERY
(NO. 2:18-CV-00874) – 9
140411565.6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

records (compiled unlawfully *ab initio*).

### b. DomainTools seeks discovery to which it is not entitled.

First, DomainTools seeks parol evidence regarding the drafting of the TOU. *See* Heath Decl. ¶ 11, Ex. 8 (RFP 3-4). Under Washington law, it is the plain language of the TOU that is relevant and material to this dispute; DNCL's subjective interpretation thereof is not in issue.[3] *See Brogan & Anensen LLC v. Lamphiear*, 165 Wash. 2d 773, 776 (2009) ("Washington courts focus on objective manifestations of the contract rather than the subjective intent of the parties; thus, the subjective intent of the parties is generally irrelevant if the intent can be determined from the actual words used."). DNCL submits that its TOU speak for themselves and are neither vague nor ambiguous—particularly with regards to their prohibitions on DomainTools' conduct. *See, e.g.*, Carey Decl. ¶ 23, Ex. 6; Mot. for Preliminary Injunction, Dkt. 2 at 1. If DomainTools contends otherwise, it can make those arguments based on the plain language of the TOU.

Second, DomainTools seeks the *specific identities* of the Washington .nz domain registrants and whether they opted into the Individual Registrant Privacy Option ("IRPO"). *See* Heath Decl. ¶¶ 10,11, Ex. 7, 8 (Interrogatory Nos. 1-2, RFP Nos. 1-2). DomainTools' entitlement to such discovery would be dubious even in the ordinary course. The identities and contact information of .nz domain registrants residing in Washington are neither necessary nor "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).[4] DNCL's request for relief does not fail if no Washington residents opted into the

---

[3] DomainTools refers to an "indication that [DNCL] had intentionally drafted its TOUs to be vague and ambiguous," citing as support settlement discussions in a March 20, 2018 meeting, subject to Federal Rule of Evidence 408, as referred to in a letter marked as "Settlement discussion; Confidential pursuant to FRE 408." Mot. at 6; Heath Decl. ¶ 6, Ex. 4. DomainTools thus is apparently seeking to use supposed statements made by DNCL during the meeting as evidence of the enforceability of DNCL's TOU, which plainly is not permissible. *See* Fed. R. Evid. 408 ("Evidence of . . . conduct or a statement made during compromise negotiations about the claim" is "not admissible – on behalf of any party – either to prove or disprove the validity . . . of a disputed claim."). DNCL disputes the accuracy of DomainTools' characterization of its statements, but will not respond further to maintain the confidentiality of the parties' discussions.

[4] DNCL also notes that it filed this litigation to protect registrant privacy, an effort that would be undermined by providing their contact information to DomainTools.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR EXPEDITED DISCOVERY
(NO. 2:18-CV-00874) – 10
140411565.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

IRPO because DNCL seeks to protect the privacy and personal information of *all* its registrants, not only those who opt into the IRPO. This is why DNCL removed *all* personal information from the Port 43 avenue—because DNCL could not prevent that information from being harvested in bulk in violation of its TOU by companies like DomainTools. *See* Dkt. 2 at 5-6, 21; Carey Decl. ¶ 68-70. It is thus unnecessary for DomainTools to know if any Washington residents elected the IRPO. Nevertheless, DNCL now attests that six .nz registrants who reside in Washington state have opted into the IRPO. *See* Carey Decl. in Supp. of Pl.'s Opp. to Def.'s Mot. for Expedited Discovery ¶ 2 ("Second Carey Decl.").

      **c.** **DomainTools seeks discovery that is peripheral at best.**

Finally, DomainTools seeks information about (1) any express agreements or representations DNCL made regarding the privacy of registrant information; (2) agreements in which DNCL has agreed to make registrant information public; (3) detailed information about each registrar with special access to the Query Service, (4) the owner, serial number, physical address, and IP address for each of the .nz Whois servers, and (5) the date on which DNCL first became aware that DomainTools was collecting .nz domain registrant information. *See* Heath Decl. ¶¶ 10, 11, Exs. 7,8 (Interrogatory Nos. 3-4, 7, RFP Nos. 10-12).

First, any express agreements or direct representations DNCL has made regarding the privacy of registrant information would help DNCL, not DomainTools. If DomainTools thinks the absence of such documents is significant, it is free to make that argument. Second, DNCL is not aware of any agreements in which it agreed to make registrant information public. To the extent DomainTools seeks certain ICANN documents, those are publicly available at https://tinyurl.com/y72bquqd; there are no other arrangements between ICANN and InternetNZ.[5] Third, it simply is not plausible that DomainTools requires detailed information about registrars

---

[5] Throughout DomainTools's motion, there is an inference that ICANN agreements and policies that exist with TLD registries and registrars somehow apply to the .nz domain name space. This is not the case. ICANN does not set the policy governance framework for the .nz domain name space.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXPEDITED DISCOVERY (NO. 2:18-CV-00874) – 11
140411565.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

or the .nz Whois servers to respond to DNCL's motion for preliminary injunction. These questions are peripheral at best and are not material to the basic issues in DNCL's motion. Finally, when DNCL became aware that DomainTools was violating its TOU does not bear on whether DomainTools must now comply with them. Nonetheless, in accordance with its desire for prompt resolution, DNCL states that it first became aware of DomainTools' activities in mid-2016. *See* Second Carey Decl. ¶ 3. As discussed above and in its motion for a preliminary injunction, DNCL has moved expeditiously since that discovery and sought to address its concerns through implementing technological changes, removing registrant personal information from the Port 43 avenue, initiating negotiations with DomainTools, and bringing the present action and seeking preliminary injunctive relief.

## IV.   CONCLUSION

For the foregoing reasons, Domain Name Commission Limited respectfully asks the Court to deny defendant DomainTools' Motion for Expedited Discovery.

DATED this 2nd day of July, 2018.

>
> s/ Todd M. Hinnen
> Todd M. Hinnen, WSBA No. 27176
> Erin K. Earl, WSBA No. 49341
> Anna Mouw Thompson, WSBA No. 52418
> **Perkins Coie LLP**
> 1201 Third Avenue, Suite 4900
> Seattle, WA  98101-3099
> Telephone:  206.359.8000
> Facsimile:  206.359.9000
> Email:   THinnen@perkinscoie.com
>          EEarl@perkinscoie.com
>          AnnaThompson@perkinscoie.com
>
> Attorneys for Plaintiff
> Domain Name Commission Limited

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR EXPEDITED DISCOVERY
(NO. 2:18-CV-00874) – 12
140411565.6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on July 2, 2018, I electronically filed the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXPEDITED DISCOVERY with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorney(s) of record:

Jacob Heath
Aravind Swaminathan
Melanie D. Phillips
Orrick, Herrington & Sutcliffe, LLP
701 5th Ave
Suite 5600
Seattle, WA 98104

Attorneys for Defendant DomainTools, LLC

I further certify that all parties to this action or their attorneys are CM/ECF participants.

DATED this 2nd day of July, 2018.

s/ Todd M. Hinnen
Todd M. Hinnen, WSBA No. 27176
Attorneys for Domain Name Commission Limited
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: THinnen@perkinscoie.com

EM2718-442376.1

CERTIFICATE OF SERVICE
(NO. 2:18-CV-00874) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

140411565.6